**TING JIN ZHENG also known as Ting–Jin Zheng, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General \*, Respondent.**

No. 08–4223–ag.

United States Court of Appeals, Second Circuit.

July 9, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**114**

Gary J. Yerman, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Michael C. Heyse, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, WALKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Ting Jin Zheng, a native and citizen of the People's Republic of China, seeks review of an August 6, 2008 order of the BIA, which denied his second motion to reopen. *In re Ting Jin Zheng*, No. A070 897 201 (B.I.A. Aug. 6, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Zheng's untimely second motion to reopen.

Zheng argues that the BIA erred by finding that he failed to demonstrate either material changed country conditions sufficient to excuse the time limitation for filing his motion to reopen or his *prima facie* eligibility for asylum and withholding of removal. However, these arguments fail where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Contrary to Zheng's assertion, there is nothing in the BIA's decision compelling the conclusion that it failed to take into account all of his evidence, as we "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n. 17 (2d Cir.2006). Although Zheng asserts that the BIA erred in failing to accord significant evidentiary weight to his particularized documents, we decline to find that the BIA abused its discretion. *See Xiao Ji Chen*, 471 F.3d at 342 (finding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency).

Zheng also asserts that the BIA erred in failing to address whether the U.S. De-

partment of State's 2006 Country Report on Human Rights Practices and a 1988–2007 fine schedule in the record indicated that he would be subject to excessive fines amounting to persecution. However, neither that report nor the fine schedule indicates that country conditions have materially changed or that such fines would amount to economic persecution for someone in Zheng's economic circumstances. *See Guan Shan Liao v. U.S. Dep't. of Justice,* 293 F.3d 61, 70 (2d Cir.2002).

Zheng waives any challenge to the BIA's finding that he was ineligible to file a successive asylum application based on his changed personal circumstances. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Additionally, because Zheng did not raise any claim for CAT relief in his motion before the BIA, we are without jurisdiction to address his argument that he demonstrated *prima facie* eligibility for CAT relief. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006) (citing *Beharry v. Ashcroft,* 329 F.3d 51, 59 (2d Cir.2003)).

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).